IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-751-FL

| | |
|---|---|
| HENRY MACK EVANS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (DE 15 & 21). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and uphold defendant's decision denying benefits. Plaintiff timely filed an objection to the memorandum and recommendation ("M&R"), and defendant did not file a response. In this posture, the matter is ripe for ruling. For the reasons that follow, the court overrules plaintiff's objection to the M&R and upholds defendant's decision denying benefits.

In addressing plaintiff's objection to the M&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

In this case, plaintiff objects to the magistrate judge's determination that there was substantial evidence supporting the ALJ's evaluation of plaintiff's residual functional capacity. (DE 25 at 4-5). Plaintiff argues that the ALJ failed to give proper weight to plaintiff's subjective complaints of pain, where the ALJ dismissed plaintiff's complaints as inconsistent with the record. (Id. at 5). Plaintiff argues he is unable to perform walking and standing required of light work due to his left hip and leg pain. (Id.)

In so arguing, plaintiff points to no particular error on the magistrate judge's part, but rather, restates without substantive elaboration, and in some respects verbatim, arguments made in plaintiff's motion for judgment on the pleadings. (see DE 16 at 7). Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments raised by plaintiff in his objections, and plaintiff raises no new issues for the court's discussion. The magistrate judge thoroughly addressed plaintiff's arguments in the M&R, wherein he analyzes the ALJ's reasons for finding plaintiff's subjective allegations not credible, as well as the import of the objective medical evidence in the record. (See DE 24 at 11-14). "Subject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility determinations and to resolve ambiguities in the evidence." Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994). Accordingly, the court adopts as its own the magistrate judge's discussion of the credibility and residual functional capacity determinations.

CONCLUSION

Based on the foregoing, the court ADOPTS the M&R, overrules plaintiff's objection, and upholds defendant's decision. Accordingly, plaintiff's motion for judgment on the pleadings (DE 15) is DENIED, and defendant's motion for judgment on the pleadings (DE 21) is GRANTED. The clerk is DIRECTED to close the case file.

SO ORDERED this 3rd day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge